## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60509-CIV-SCOLA/ROSENBAUM

GREGORY LEE SPATZ,

       Plaintiff,

v.

MICROTEL INNS AND SUITES
FRANCHISING, INC.,
U.S. FRANCHISING SYSTEMS, INC.,
and JONATHAN BENJAMIN,

       Defendants.

_____/

## ORDER ON DEFENDANTS' MOTIONS TO TAX COSTS

This matter is before the Court on Defendants Microtel Inns and Suites Franchising, Inc. and U.S. Franchising Systems, Inc.'s Verified Motion to Tax Costs [D.E. 88] and Defendant Jonathan Benjamin's Verified Motion to Tax Costs [D.E. 91], referred to me by the Honorable Robert N. Scola, Jr. [D.E. 92]. The Court has reviewed Defendants' Motions, the filings supporting and opposing the Motions, and the other materials in the case file. As detailed below, the Court grants in part and denies in part Defendants' Motions to Tax Costs.

## I.    Background

On March 10, 2011, Plaintiff Gregory Lee Spatz filed this diversity action against Defendants Microtel Inns and Suites Franchising, Inc., U.S. Franchising Systems, Inc., and Jonathan Benjamin.[1] *See* D.E. 1. In his Complaint, Spatz alleged that Defendants breached various legal duties to him in connection with his companies' purchase and operation of a Microtel franchise. Spatz's Complaint

_____

[1]Microtel Inns and Suites Franchising, Inc., is a wholly owned subsidiary of U.S. Franchising Systems, Inc. *See* D.E. 85 at 1. This Order refers to the two entities together as "Microtel."

pleaded claims against Defendants for (1) fraud in the inducement, (2) negligent misrepresentation in the inducement, (3) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201–501.213, and (4) violation of the Florida Sale of Business Opportunities Act, Fla. Stat. §§ 559.80–559.815.  *See id.* at 9-17.

Following discovery, Defendants moved for summary judgment on all of Spatz's claims. *See* D.E. 31, 45.  On February 6, 2012, Judge Scola granted Defendants' Motion for Summary Judgment in full.  *See* D.E. 85.  That same day, Judge Scola entered judgment in favor of Defendants and against Spatz.  *See* D.E. 86.  Defendants subsequently filed their present Motions to Tax Costs. *See* D.E. 88. 91.  Judge Scola has referred these Motions to me for disposition.  *See* D.E. 92.

## II.     Analysis

### A.     Standards for Taxation of Costs

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute.  *See* Fed. R. Civ. P. 54(d)(1).[2]  Congress has delineated which costs are recoverable under Rule 54(d).  *See* 28 U.S.C. § 1920; *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  Although the Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, *see Crawford Fitting Co.*, 482 U.S. at 440-44, it may not tax as costs any items not authorized by statute.  *See id.*; *United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).[3]  When challenging whether costs are taxable, the non-prevailing party bears

_____

[2]Rule 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.  But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.  The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action."  Fed. R. Civ. P. 54(d)(1).

[3]Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1)     Fees of the clerk and marshal;

the burden to demonstrate that a cost is not taxable, unless the prevailing party has exclusive knowledge regarding the proposed cost. *See Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

Because Defendants are the prevailing parties here, they are presumptively entitled to an award of costs. The Court therefore turns to the specific costs requested by Defendants.

### B.      Costs Sought by Defendants

Microtel seeks a total of $6,103.41 in taxable costs, and Benjamin requests costs totaling $5,031.92. Although Spatz does not dispute that Defendants are generally entitled to an award of costs, he does challenge certain proposed costs as excessive, unnecessary, or otherwise unrecoverable. The Court thus addresses by category each of the items sought in Defendants' Motions to Tax Costs.

#### 1.      Subpoena Service Fees

##### a.      Microtel's Costs

Microtel seeks to recover $126.20 for service of two document-production subpoenas by private process servers. The first subpoena was served on the custodian of the recipient's private mailbox, located in the Middle District of Florida, at a cost of $75.00. *See* D.E. 88-1 at 6-7. The second subpoena was personally served on the recipient in Mississippi at a total cost of $51.20.

---

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under 28 U.S.C. § 1923; and

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

*See id.* at 8-9.[4]  That amount included $35.00 for service and $16.20 for mileage—specifically, 27 miles at $0.60 per mile.  *See id.* at 8.  Spatz challenges the service costs of both subpoenas as excessive.

The Court notes that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921."  *W&O, Inc.*, 213 F.3d at 624.  Such fees, however, should not exceed the marshal's fees authorized in § 1921.  *See id.* (citing *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996)).  For personal service of process, the United States Marshals Service generally charges $55.00 per hour (or portion thereof), plus travel costs and other expenses.  *See* 28 C.F.R. § 0.114(a)(3).  Fees for service of subpoenas by private process servers are similarly recoverable.  *See, e.g., Dominguez v. Metro. Miami-Dade Cnty.*, 2005 WL 5671449, at *3 (S.D. Fla. Apr. 15, 2005) (allowing recovery of $60.00 for service of three subpoenas); *For Play Ltd. v. Bow to Stern Maint., Inc.*, 2006 WL 3662339, at * 13 (S.D. Fla. Nov. 6, 2006) (permitting recovery of $44.00 for service of subpoena).

Here, Spatz contends that the $75.00 fee for serving Microtel's first subpoena is excessive because it exceeds the standard hourly rate charged by the Marshals Service.  Microtel asserts, however, that the subpoena (1) "had to be served by substitute service since the corporate entity did not maintain an office" and (2) "was not served in this district, but in the Middle District of Florida."  D.E. 88 at 2.  Regarding Microtel's first argument, the Court sees no reason why serving the subpoena on the custodian of the recipient's private mailbox was more difficult or time-consuming than serving the subpoena on the recipient itself.  With respect to the second argument, Spatz correctly observes that service of a subpoena outside this District "is no basis for higher fees" because "process servers are available throughout Florida . . . ."  D.E. 108 at 3.  Accordingly, the

---

[4]The process server's proof of service lists total service fees of $61.40, but the server's invoice reflects a total charge of $51.20.  Microtel seeks to recover the lesser amount.

Court finds that the $75.00 subpoena-service fee sought by Microtel is excessive and that recovery for this cost should be limited to $55.00, the hourly service rate charged by the Marshals Service.

Spatz further claims that the mileage charge for serving Microtel's second subpoena was excessive. The regulation governing fees charged by the Marshals Service provides that "[t]ravel costs, including mileage, shall be calculated according to 5 U.S.C. chapter 57." *Id.* § 0.114(c). As relevant here, that chapter authorizes the General Services Administration to set mileage reimbursement rates for government employees' use of privately owned automobiles on official business. *See* 5 U.S.C. § 5704(a)(1); 5 U.S.C. § 5707(b). In 2011, the year Microtel's subpoenas were served, the applicable reimbursement rate was $0.51 per mile. *See* http://www.gsa.gov/portal/content/103969. As Spatz points out, the $0.60 mileage rate charged by Microtel's process server exceeds the allowable rate. Therefore, the Court reduces the mileage portion of the service fee from $16.20 to $13.77 (27 miles at $0.51 per mile).

In sum, Microtel may recover $55.00 for service of the first subpoena and $48.77 for service of the second subpoena. The Court thus awards Microtel $103.77 for these costs.

**b.      Benjamin's Costs**

Benjamin seeks reimbursement of $160.00 for serving two deposition subpoenas by private process servers. These subpoenas were served by "rush" service on two witnesses in Broward County—Tom Andrews and Allen Goldberg—at a cost of $80.00 each. *See* D.E. 91-1 at 4. Spatz challenges these service fees as excessive.

As noted by Spatz, the $80.00 fee for serving each deposition subpoena significantly exceeds the $55.00 hourly service rate charged by the Marshals Service. Moreover, Benjamin does not explain why it was necessary to serve these subpoenas in an expedited fashion. The Court therefore limits Benjamin's recovery of the service fees to $55.00 for each subpoena, awarding him a total of

$110.00 for these costs.

### 2. Witness Fees

Benjamin also seeks to recover witness fees of $90.00 for the attendance of Andrews and Goldberg at their depositions ($45.00 for each witness). *See* D.E. 91-1 at 2, 5-6. Spatz does not object to the taxation of these fees. Although the Court recognizes that witness fees are generally taxable under § 1920(3), the attendance fee for a witness is limited by statute to $40.00 per day. *See* 28 U.S.C. § 1821(b). Courts have no authority to exceed this amount, as "[n]othing over the statutory amount is recoverable." *Goodwin Bros. Leasing, Inc. v. Citizens Bank*, 587 F.2d 730, 735 (5th Cir. 1979).[5] Because the witness-attendance fees sought by Benjamin exceed the statutory limit by a total of $10.00, the Court awards Benjamin the reduced amount of $80.00. *See id.* ("The witness fee must be reduced by the amount that it exceeds the statutory maximum.").

### 3. Deposition Costs

Microtel seeks to recover $5,651.45 in costs associated with four depositions, and Benjamin requests $4,538.15 in costs relating to six depositions.[6] Spatz objects to various aspects of these costs. The Court addresses Spatz's objections in turn below.

A prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In this respect, "[t]axation of deposition costs is authorized by § 1920(2)." *W&O, Inc.*, 213 F.3d at 620 (citing *United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). "The question of whether costs of a deposition are

---

[5]Opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[6]Both Microtel and Benjamin seeks costs arising from the depositions of Spatz, Benjamin, Abby Spurrier, and John Murphy. In addition, Benjamin requests costs related to the depositions of Andrews and Goldberg.

taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *Id.* at 620-21 (internal quotation marks omitted). Moreover, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party challenging the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008); *see W&O, Inc.*, 213 F.3d at 621.

Spatz first challenges the attendance fees for the court reporters who appeared at the depositions in this case. Only two of the deposition invoices submitted by Defendants include a separate "attendance fee"—a $385.00 fee for Spatz's deposition and a $415.00 fee for the depositions of Andrews and Goldberg.[7] *See* D.E. 88-1 at 13; D.E. 91-1 at 11. In any event, attendance fees of court reporters are taxable costs. *See Rodriguez v. M.I. Quality Lawn Maint., Inc.*, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012) (collecting cases). "If a court reporter charges an attendance fee then that fee must be paid for the deposition to take place; it is strictly 'necessary." *Martinez-Pinillos v. Air Flow Filters, Inc.*, 2010 WL 6121708, at *6 (S.D. Fla. Dec. 22, 2010) (citing *W&O, Inc.*, 213 F.3d at 620). This is true even when—as with the Andrews and Goldberg depositions here—no deposition transcript was requested. *See Powell v. Home Depot, U.S.A.*, 2010 WL 4116488, at *9 (S.D. Fla. Sept. 14, 2010) ("The mere fact that a deposition was not transcribed does not lead to the conclusion that the deposition was not necessarily obtained for use in the case, or that the court reporter's attendance was not required."). The Court also rejects Spatz's argument that the $385.00 and $415.00 attendance fees are excessive. Spatz offers no support for this claim

---

[7]Though not entirely clear from the record, it appears that Defendants requested the depositions of Spatz, Andrews, and Goldberg, and that the other witnesses (Benjamin, Spurrier, and Murphy) were deposed at Spatz's request.

and therefore has not met his burden to show that the fees are not recoverable.  Moreover, based on the Court's experience and a review of similar fees awarded in other cases, the Court finds that the attendance fees sought by Defendants here are reasonable.  *See, e.g.*, *Hernandez v. Wilsonart Int'l, Inc.*, 2011 WL 7092657, at *4 (M.D. Fla. Dec. 30, 2011) (holding that $625.00 fee for court reporter's attendance at one deposition was a taxable cost).

Spatz next argues that four of the depositions for which Defendants seek costs—those of Abby Spurrier, John Murphy, Andrews, and Goldberg—were not necessary for use in the case but instead were taken merely for the convenience of the parties.  Defendants maintain, however, that all of these depositions were necessarily obtained for use in the case.  Defendants assert that Spurrier's deposition was necessary because "Plaintiff alleged in his complaint that the Spurrier Reports contained misleading revenue projections that led Plaintiff to invest in the Microtel franchise."  D.E. 88 at 2-3; *see* D.E. 91 at 2-3.  Further, Defendants contend that Murphy's deposition was necessary since "Plaintiff alleged that Mr. Murphy's statements prevented the Plaintiff from discovering the purported fraudulent and deceptive conduct of [Defendants] alleged in the complaint."  D.E. 88 at 3; D.E. 91 at 3.  And according to Defendants, the depositions of Andrews and Goldberg were necessary because "Plaintiff's Rule 26 disclosures indicated that these gentlemen had knowledge of representations made by Benjamin during negotiations with Plaintiff."  D.E. 91 at 3.  Spatz does not dispute Defendants' specific explanations regarding the necessity of deposing these witnesses.  Rather, he claims that the depositions were not necessary for use in the case because, unlike the depositions of Spatz and Benjamin, the depositions of the four other witnesses were not used in support of Defendants' Motion for Summary Judgment.  *See* D.E. 107 at 3-4 ("Only the depositions of [Spatz and Benjamin] were used in support of [Defendants'] motion for summary judgment here.  As such, only those two depositions were necessarily obtained for use

in the case."). The Court finds this argument unavailing.

A party's use of a deposition in support of a summary judgment motion is sufficient to show that the deposition was necessarily obtained for use in the case. *See W&O, Inc.*, 213 F.3d at 621; *Rodriguez*, 2012 WL 664275, at *3. But even when a deposition is not relied on for summary judgment, it is considered necessary if it was related to an issue present in the case when the deposition was taken. *See W&O, Inc.*, 213 F.3d at 621-22; *George*, 2008 WL 2571348, at *5; *see also Ferguson v. Bombardier Servs. Corp.*, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007) ("[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition." (citing *W&O, Inc.*, 213 F.3d at 621)). Here, Spatz does not contest Defendants' claims that the four depositions in question related to then-existing issues, including Defendants' alleged misrepresentations to Plaintiff concerning the Microtel franchise. The Court therefore concludes that these depositions were necessarily obtained for use in the case.

Further, Spatz challenges Defendants' recovery of costs for copies of deposition transcripts. Spatz notes that a conflict exists in this Circuit as to whether copies of deposition transcripts are taxable costs. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1338 (S.D. Fla. 2009) (collecting cases). With the exception of Spatz's deposition (discussed below), the invoices attached to Defendants' Motions reflect that for each of the transcribed depositions, the court reporter produced a total of two certified copies for Defendants—one for Microtel's counsel and one for Benjamin's counsel. *See* D.E. 88-1 at 11-12, 14; D.E. 91-1 at 8-9, 12. Because these depositions were apparently requested by Spatz, the Court assumes that Spatz's counsel received the original transcripts. Thus, it was necessary for Defendants to obtain copies of the transcripts. *See George*,

2008 WL 2571348, at *6 (holding that a prevailing party may recover the costs of deposition-transcript copies when those copies are necessary, such as when the opposing party received the original transcript). Moreover, because Microtel and Benjamin were represented by separate counsel, both Defendants were entitled to obtain certified copies of the deposition transcripts. *See Waste Servs., Inc. v. Waste Mgmt. Inc.*, 2007 WL 1174116, at *4 (M.D. Fla. Apr. 18, 2007) (finding that prevailing co-defendant represented by separate counsel could recover costs of obtaining deposition-transcript copies from court reporter). The costs of these transcript copies are therefore taxable.

Regarding Spatz's deposition, Defendants' invoices show that Microtel received an original **and** a copy of the transcript at a total cost of $1,839.20, and that Benjamin obtained a copy of the transcript for a fee of $710.60. *See* D.E. 88-1 at 13; D.E. 91-1 at 10. Because Spatz's deposition was necessary for use in this case, Microtel may recover the cost of the original transcript, and Benjamin may recover the cost of his copy. But Microtel has not explained why it was necessary, rather than merely convenient, for Microtel to obtain a copy of the transcript in addition to the original. *See Rodriguez*, 2012 WL 664275, at *4 (denying recovery for cost of deposition-transcript copy, in addition to cost of original, because prevailing parties had not shown why copy was necessary rather than just convenient). Therefore, the Court declines to award Microtel the cost of its copy of Spatz's deposition transcript, which, according to Benjamin's invoice, was $710.60.

Spatz also contends that Defendants may not recover the fees charged by the court reporter for copies of exhibits to the four transcribed depositions. In total, Microtel and Benjamin each incurred costs of $1,207.20 for copies of deposition exhibits. Spatz argues that the costs of these exhibits are not recoverable because they were not necessarily obtained for use in the case. Whether a prevailing party may recover costs for copies of deposition exhibits depends on the purpose of the

copies and, in particular, whether the party otherwise had access to the exhibits. *See George*, 2008 WL 2571348, at *6. But the Court will not award costs for deposition exhibits when the prevailing party "has provided no information demonstrating that the copies of transcript exhibits were made for anything more than convenience of counsel." *Id.* That is the case here: Defendants have made no effort to show that it was necessary, rather than simply convenient, for them to obtain copies of the deposition exhibits. Thus, the Court denies Defendants' request for the costs of those copies.

Finally, Defendants seek reimbursement for miscellaneous costs associated with the four transcribed depositions, including mini-transcripts, CDs and DVDs, and shipping and handling. *See* D.E. 88-1 at 11-14; D.E. 91-1 at 8-10, 12. The costs of such additional services, when incurred solely for the convenience of counsel, are not reimbursable. *See Powell*, 2010 WL 4116488, at *10. Here, Defendants have not shown they incurred these costs for any reason other than counsel's convenience. The Court therefore declines to award Defendants these costs, which total $200.00 for Microtel and $185.00 for Benjamin.

In sum, the Court deducts $2,117.80 from Microtel's proposed deposition costs of $5,651.45, thus awarding Microtel $3,533.65. Similarly, the Court deducts $1,392.20 from Benjamin's requested deposition costs of $4,538.15, awarding him $3,145.95.

### 4.    Photocopying Costs

Microtel and Benjamin respectively seek to recover $325.76 and $243.77 for the costs of certain photocopies used in this case. Spatz objects to Defendants' recovery of these costs.

A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Eleventh Circuit has explained that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers

at issue." *W&O, Inc.*, 213 F.3d at 623.  In this regard, "[t]he costs of photocopies attributable to discovery, as well as copies of pleadings, correspondence, copies of exhibits and copies prepared for the court may all be recoverable; the key is whether they were necessarily obtained." *Rodriguez*, 2012 WL 664275, at *6.  When photocopies are obtained only for counsel's convenience, however, the costs of those copies are not recoverable.  *See id.*

The party seeking reimbursement for copying costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994).  Because only the prevailing party knows the purpose of the copies, that party "cannot simply make unsubstantiated claims that copies of the documents were necessary." *Monelus*, 609 F. Supp. 2d at 1335.  Instead, the prevailing party "must provide information regarding the purpose of copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue." *Id.*

### a.      Microtel's Costs

Microtel first requests $270.86 for "the cost of obtaining one set of copies of the deposition exhibits for use at [Spatz's] deposition." D.E. 88 at 3; *see* D.E. 88-1 at 15-17.  These copies, totaling 2,108 pages, were produced by an outside copying service.  *See* D.E. 88-1 at 16-17.  Although Microtel's Motion states that the copies cost $0.10 per page, *see* D.E. 88 at 3, the attached invoices reflect that the outside service charged $0.12 per page (plus tax).  *See* D.E. 88-1 at 16-17.

The Court finds that the costs of these copies are recoverable.  A review of Spatz's deposition transcript indicates that Microtel's counsel provided all or nearly all of the exhibits used at Spatz's deposition.  *See* D.E. 33-1.  Therefore, the copies of these exhibits were necessarily obtained for use in the case.  *See Rodriguez*, 2012 WL 664275, at *6.  Further, the invoices submitted by Microtel

adequately detail the nature of the copies made, and the $0.12 per page copying charge is reasonable. *See Monelus*, 609 F. Supp. 2d at 1336 (finding that a rate of $0.10 to $0.14 per page is reasonable). The Court thus awards Microtel $270.86 for these costs.

In addition, Microtel seeks $54.90 for "the cost of copies of documents attached as exhibits to Microtel's Motion for Summary Judgment." D.E. 88 at 3; *see* D.E. 88-1 at 15. Microtel states that these copies (totaling 549 pages) were "completed in-house at [a] cost of 10 cents per page." D.E. 88-1 at 15. The Court finds that these copies were necessary because Microtel used them as exhibits in support of summary judgment. *See Rodriguez*, 2012 WL 664275, at *6. And while Microtel has not provided records detailing the production of the copies, a review of Microtel's summary judgment exhibits amply supports the claimed number of copies. *See* D.E. 33 (444 pages of exhibits to Motion); D.E. 61 (180 pages of exhibits to Reply). Moreover, the $0.10-per-page rate claimed by Microtel is reasonable. *See Monelus*, 609 F. Supp. 2d at 1336. Accordingly, the Court awards Microtel $54.90 for the cost of these copies.

### b.    Benjamin's Costs

Benjamin requests $243.77 for "the cost of obtaining copies of documents for use in depositions" of the other witnesses. D.E. 91 at 3; *see* D.E. 91-1 at 13. An outside service produced 1,110 of these copies at a cost of $0.10 per page (plus tax), and Benjamin's counsel made 625 of the copies in-house at a charge of $0.20 per page. *See* D.E. 91-1 at 13-15. Benjamin, though, has not explained specifically how the copies were "use[d] in depositions"—most of which were apparently taken by Spatz—or why that use was necessary rather than simply convenient. Nor do the invoices submitted by Benjamin provide any details about the purpose of these copies. Consequently, the Court denies Benjamin's request for photocopying costs.

### 5. Interest

A prevailing party in a civil action is statutorily entitled to post-judgment interest. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . .  Such interest shall be calculated from the date of the entry of the judgment . . . ."). The Eleventh Circuit, recognizing that § 1961(a) applies to awards of costs, has held that "interest shall accrue on . . . taxable costs from the date the court entered final judgment . . . ." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994); *see Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment."). The post-judgment interest rate is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a).

Here, Judge Scola entered judgment in Defendants' favor on February 6, 2012. *See* D.E. 86. The applicable interest rate for the preceding week (ending February 3, 2012) is 0.13%. *See* http://www.federalreserve.gov/releases/H15/20120206/.  Accordingly, the costs awarded to Defendants shall bear interest from February 6, 2012, at the rate of 0.13%.

## III. Conclusion

As set forth herein, Defendants Microtel Inns and Suites Franchising, Inc. and U.S. Franchising Systems, Inc.'s Verified Motion to Tax Costs [D.E. 88] and Defendant Jonathan Benjamin's Verified Motion to Tax Costs [D.E. 91] are **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff shall pay the costs of Defendant Microtel in the amount of **$3,963.18** and Defendant Benjamin's costs in the amount of **$3,335.95, plus interest at the rate of 0.13%**

**accruing from February 6, 2012.**

        **DONE** and **ORDERED** at Fort Lauderdale, Florida, this 4th day of May, 2012.

                                                    ROBIN S. ROSENBAUM
                                         United States Magistrate Judge

cc:     Hon. Robert N. Scola, Jr.
         Counsel of record